## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HERBERT RUSSELL,
        Appellant,

        v.

DEPARTMENT OF HEALTH AND
    HUMAN SERVICES,
        Agency.

DOCKET NUMBER
DC-3330-11-0405-M-1

DATE: May 8, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Herbert Russell, Charlotte, North Carolina, pro se.

Emily Lerner, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1       This case involving the appellant's request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA) is before the Board on remand for further proceedings from the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). *Russell v. Department of Health & Human Services*,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

591 F. App'x 937 (Fed. Cir. 2014). Specifically, the court directed the Board to consider: (1) whether the appellant received during the proceedings below an order dated August 2, 2013, which directed the agency to file evidence in the appeal and provided him an opportunity to file a reply to its response; and (2) if he did not receive the order, whether his substantive rights were prejudiced as a result. *Id.* at 942. As set forth below, we find, assuming arguendo that the appellant did not receive the August 2, 2013 order, that this error did not prejudice his substantive rights.

## BACKGROUND

¶2 The appellant is a 10-point preference-eligible veteran. *Russell v. Department of Health & Human Services*, 117 M.S.P.R. 341, ¶ 2 (2012). On February 2, 2012, after determining that the agency did not award the appellant his full 10-point preference during its selection process for its Social Science Analyst (Organizational Development), GS-0101-12/13 position, the Board ordered the agency to reconstruct the selection process. *Russell v. Department of Health & Human Services*, 120 M.S.P.R. 42, ¶¶ 2, 4 (2013); *Russell*, 117 M.S.P.R. 341, ¶¶ 16-17. Pursuant to the Board's order, the agency reconstructed the selection process, finding that the appellant was not minimally qualified for the position. *Russell*, 120 M.S.P.R. 42, ¶ 5.

¶3 The appellant thereafter filed a petition for enforcement arguing, among other things, that the agency failed to adequately reconstruct the selection process because it again failed to select him for the position. *Id.*, ¶ 6. In a compliance initial decision, the administrative judge denied the appellant's petition for enforcement, finding the agency in compliance with the Board's reconstruction order. *Id.* On review, however, the Board found that the record was insufficiently developed regarding the reconstruction process and that a conflict existed in the record as to whether the appellant was qualified for the position at issue. *Id.*, ¶¶ 9, 13. Specifically, the Board found that the agency's

determination during reconstruction that the appellant was not minimally qualified for the position appeared inconsistent with its previous position, set forth in a January 2011 letter to the Department of Labor, that the appellant met the basic education and specialized experience requirements for the position. *Id*., ¶¶ 11-12. Therefore, the Board remanded the appeal for further adjudication and ordered the agency to submit relevant, material, and credible evidence in the form of documentation or affidavits demonstrating that the reconstruction was appropriate and lawful, including an explanation for its apparent change in its assessment of the appellant's qualifications. *Id*., ¶¶ 13-14.

¶4    On remand, the administrative judge issued an order dated August 2, 2013, requiring the agency to submit evidence in accordance with the Board's remand order. MSPB Docket No. DC-3330-11-0405-B-1, Remand Compliance File (Remand CF), Tab 3. The administrative judge also provided the appellant an opportunity to reply to the agency's response. *Id*. In response to the August 2, 2013 order, the agency submitted, among other things, multiple affidavits from three agency personnel involved in the original and reconstructed selection processes.[2] Remand CF, Tab 4 at 9-28. The agency argued that these affidavits, along with the documentation submitted in the initial compliance appeal,[3] prove that it properly reconstructed the selection process and found the appellant not minimally qualified for the position. *Id*. at 4-6. The appellant did not reply.

---

[2] The affidavits described the reconstructed hiring process as mirroring the initial one; they provided explanations about the agency's assessments of the appellant's qualifications for the position; and they explained why the agency's January 2011 letter to the Department of Labor regarding the appellant's job qualifications was erroneous. Remand CF, Tab 4 at 9-28; *see Russell*, 591 F. App'x at 939-40.

[3] During the initial compliance appeal, the agency submitted a reconstruction package that included the reconstruction certificates of eligibles, evaluations by the Human Resource Specialist, evaluations by the Subject Matter Expert, the top-ranked applicants' application packages, applicant listing reports, Office of Personnel Management (OPM) qualification standards, the vacancy announcement, and the position description. MSPB Docket No. DC-3330-11-0405-C-1, Compliance File, Tab 6 at 16-142.

Upon review of the agency's documentation, the administrative judge found the agency in compliance with the Board's Order in a remand compliance initial decision and, therefore, denied the appellant's petition for enforcement. Remand CF, Tab 5, Remand Compliance Initial Decision (RCID). In particular, the administrative judge found that the agency fully answered with credible evidence the Board's questions raised in its remand order. RCID at 9.

¶5      The appellant filed a petition for review of the remand compliance initial decision, arguing, among other things, that the Board denied him the opportunity to respond to the August 2, 2013 order. Remand Petition for Review (Remand PFR) File, Tabs 1-2. He also attached alleged new evidence that he claimed he would have filed below had he been given the opportunity. Remand PFR File, Tab 2 at 37-218. In a nonprecedential final order, the Board denied his petition for review, finding, in part, that the administrative judge afforded the appellant an opportunity to respond to the agency's submission on remand by virtue of its August 2, 2013 order. *Russell v. Department of Health & Human Services*, MSPB Docket No. DC-3330-11-0405-B-1, Final Order at 4 n.2 (April 1, 2014).

¶6      The appellant appealed the Board's final order to the Federal Circuit. *Russell*, 591 F. App'x at 940. The Federal Circuit found that the record was not clear concerning whether the appellant indeed received the Board's August 2, 2013 order. *Id.* at 941-42. The court, therefore, remanded the appeal to the Board to determine if the appellant received the order, and if not, whether his substantive rights were prejudiced. *Id.* at 942.

**ANALYSIS**

¶7      We have assumed for the sake of argument that the appellant did not receive the August 2, 2013 order. Therefore, we have considered the appellant's submission in reply to the agency's response to the August 2, 2013 order and conclude, as described herein, that his reply provides no basis to disturb the remand compliance initial decision. Accordingly, we find that the appellant's

substantive rights were not prejudiced by his alleged nonreceipt of the August 2, 2013 order.

¶8 In his reply to the agency's response to the August 2, 2013 order, the appellant primarily argued that the agency erred in finding him not minimally qualified for the Social Science Analyst position and provided his own assessment of his qualifications to rebut those provided by the agency. Remand PFR File, Tab 2 at 8-14. In support of his argument, he attached several documents that he contends show that he met the minimum educational and specialized experience requirements for the position. *Id.* at 37-69 (the appellant's evaluation of his education), 70-73 (the appellant's evaluation of his specialized experience).

¶9 The appellant's own assessment of his qualifications, however, is not dispositive. As the Board explained in *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 12 (2014), VEOA does not empower the Board to reevaluate the merits of an agency's ultimate determination that a preference-eligible veteran is not qualified for a position with the agency. *Id.* Where it is evident that the agency considered an appellant's relevant education, experience, and other qualifications, the Board will not engage in a fact-based review of how an agency weighed and assessed a preference-eligible veteran's qualifications for a position of employment. *See id.* Rather, the Board's role is limited to determining whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy, and the Board will not reevaluate the weight the agency accorded those experiences in reaching its decision that the appellant was not qualified for a given position of employment. *Id* .

¶10 Here, the agency submitted an affidavit from the Human Resources Specialist who reviewed the appellant's application package in both the original and the reconstructed selection process. Remand CF, Tab 4 at 17-23. Applying OPM's Qualification Standards for General Schedule Positions, she determined

that the appellant did not meet the basic education or specialized experience requirements for the position in the 0101 Social Sciences series based on a thorough review of the contents of his application package. *Id.* at 20-23. Although the appellant disagrees with the agency's analysis of his education and specialized experience qualifications, he has provided no basis for us to disturb the agency's finding that he was not minimally qualified for the position. Specifically, we find that the record reflects that the agency considered the appellant's relevant education, experience, and other credentials in assessing his overall qualifications for the position and that he has not shown that the agency improperly omitted or failed to consider any of his qualifying education or experience.[4] *Id.*; Remand PFR File, Tab 1 at 8-14, Tab 5 at 23-49; *see Russell*, MSPB Docket No. DC-3330-11-0405-B-1, Final Order at 6-9. The Board, therefore, is not in a position to reexamine the merits of the agency's ultimate finding that he was not minimally qualified for the position, as the appellant requests. Remand PFR File, Tab 2 at 8-14; *see Miller*, 121 M.S.P.R. 88, ¶ 12.

¶11    In his reply to the agency's response to the August 2, 2013 order, the appellant also challenged the veracity of certain statements contained in the affidavits submitted by the agency. Remand PFR File, Tab 2 at 14-22. Even if we were to find each of the statements challenged by the appellant to be material in this matter, the record evidence does not support his contentions. For instance, the appellant claimed that the Management Services Officer who provided two declarations below falsely claimed that the original selectee for the position at issue was no longer in the position at the time of the reconstructed selection process. *Id.* at 18; Remand CF, Tab 4 at 9-10. He additionally claimed that the

---

[4] Although the appellant alleges that the agency failed to review his entire application package, Remand PFR File, Tab 1 at 15, the record evidence demonstrates that the agency reviewed the entirety of his application package, including those pages that were inadvertently left out of its filings in the remand compliance appeal, Remand PFR File, Tab 5 at 24 (declaration of Human Resources Specialist); IAF, Tab 5, Subtabs 2k, 2n.

Standard Form (SF) 50s attached to the declaration, which reflect that the individual had been reassigned prior to the reconstructed selection process, were "probably counterfeit." Remand PFR File, Tab 2 at 18; Remand CF, Tab 4 at 11-12. Other than the appellant's mere speculation, however, he has provided no evidence to contradict the Management Services Officer's affidavit, which was made under penalty of perjury and supported by two SF-50s. We find, therefore, that the appellant has not presented a serious challenge to the credibility of the Management Services Officer. In addition, we have reviewed the remainder of the appellant's allegations concerning the veracity of certain statements contained in the declarations and we find that they are similarly unpersuasive.

¶12    The appellant also claimed that the agency violated its Human Resources Manual, Personnel Instruction 332-1 (objections to eligibles and passover of veterans), when it failed to consult with OPM during the reconstruction process once it determined that he was not minimally qualified for the position. Remand PFR File, Tab 2 at 17, 165-73. This section of the Human Resources Manual, however, pertains to individuals who have already made the certificate of eligibles for a particular vacancy announcement. *Id.* at 165-70; *see* 5 C.F.R. §§ 332.402, 332.406. Because the agency found that the appellant was not minimally qualified for the position at issue, he did not make the certificate of eligibles regarding this vacancy announcement. The agency's Personnel Instruction 332-1, therefore, is inapplicable here.

¶13    Upon consideration of the appellant's reply, we find that his substantive rights were not prejudiced as a result of his alleged nonreceipt of the August 2, 2013 order. For the reasons set forth above, and for those set forth in our order dated April 1, 2014, we find that the appellant has provided no basis to disturb the remand compliance initial decision. *Russell*, MSPB Docket No. DC-3330-11-0405-B-1, Final Order at 4-9. Accordingly, we deny his petition for review.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The remand compliance initial decision, as supplemented by this Final Order and our Final Order dated April 1, 2014, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                      _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.